**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| KRISTY CUNNINGHAM | ) | |
| | ) | Case No. 16-cv-0793-NAB |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEONA BATES, in her Individual Capacity, | ) | |
| DENNIS SMITH, in his Individual Capacity, | ) | |
| DAVID KENNEDY, in his Individual Capacity, | ) | |
| DANIEL R. BULLOCK, in his Individual Capacity,) | | **PLAINTIFF DEMANDS** |
| SPRING HENSON GRAY, in her Individual | ) | **TRIAL BY JURY ON** |
| Capacity, | ) | **ALL CLAIMS** |
| DONALD DUNCAN, in his Individual Capacity, | ) | |
| RICK BAKER, in his Individual Capacity, | ) | |
| THE CITY OF FARMINGTON, MISSOURI, | ) | |
| ST. FRANCOIS COUNTY, MISSOURI and | ) | |
| JOHN DOE, City of Farmington Police Officer | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Kristy Cunningham, and for her First Amended

Complaint against Defendants, Leona Bates, in her Individual Capacity, Dennis

Smith, in his Individual Capacity, David Kennedy, in his Individual Capacity,

Daniel R. Bullock, in his Individual Capacity, Spring Henson Gray, in her

Individual Capacity, Donald Duncan, in his Individual Capacity, Rick Baker, in

his Individual Capacity, The City of Farmington, Missouri, St. Francois County,

Missouri and John Doe, City of Farmington Police Officer, in his Individual

Capacity, and states:

## JURY DEMAND

1.    Plaintiff demands trial by a jury on all claims.

**NOTE:**  All additions to the original Complaint are underlined.

## VENUE AND JURISDICTION

2.      Plaintiff, Kristy Cunningham, resides in Jefferson County, Missouri.  She is a citizen of Missouri.

3.      Defendant, Leona Bates, is a citizen of Missouri and a resident of St. Francois County, Missouri.

4.      Defendant, Dennis Smith, is a citizen of Missouri and a resident of St. Francois County, Missouri.  At all times herein relevant he was the jail administrator for St. Francois County, Missouri.

5.      Defendant, David Kennedy, is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.  At all times herein relevant he was a bailiff employed by St. Francois County, Missouri.  He also regularly ran errands for the St. Francois County Prosecutor, Jarrod Mahurin.

6.      Defendant, Daniel R. Bullock, is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.  At all times herein relevant he was the Sheriff of St. Francois County, Missouri.

7.      Defendant, Spring Henson Gray, is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.  At all times herein relevant she was employed as a clerk or secretary by the St. Francois County Prosecutor.  She also ran errands for the Sheriff of St. Francois County and/or the Police Department for the City of Farmington, Missouri.

8.     Defendant, Donald Duncan, is a resident of St. Francois County and a citizen of the State of Missouri.  At all times herein relevant he was a police officer employed by the City of Farmington, Missouri.

9.     Defendant, Rick Baker, is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.  At all times herein relevant he was the Police Chief for the City of Farmington, Missouri.

10.    Defendant, The City of Farmington, Missouri, is a municipality located in St. Francois County, Missouri.

11.    Defendant, St. Francois County, Missouri, is a municipality and a political subdivision of the State of Missouri.

12.    Defendant, John Doe, is a resident of St. Francois County, Missouri and a citizen of the State of Missouri.  He is a police officer employed by the City of Farmington, Missouri.

13.    Plaintiff brings this action for violation of her civil rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.  Leona Bates had an extra-marital affair with Plaintiff's husband.  When Plaintiff observed nude photographs of Leona Bates on Plaintiff's husband's computer, and learned of the affair, she publicly complained about the conduct of Leona Bates.  Leona Bates then initiated a campaign to discredit Plaintiff and to seek revenge by persuading her network of friends who were public employees of the City of Farmington and St. Francois County, to falsely charge Plaintiff with stalking Leona Bates and then to falsely charge her with assaulting Eric McKorkel, a friend of Plaintiff, and

Case No. 16-cv-0793-NAB

falsely charge Plaintiff with driving while intoxicated, and then deny Plaintiff bail while these charges were pending.  Plaintiff was held in jail without bail from June 1, 2014, until <u>June 11, 2014 when her Motion to Reinstate the Bond and for her Pre-trial Release was denied, and from June 11, 2014</u> to August 16, 2014 when she pleaded guilty to stalking Leona Bates because that was her only way of getting out of jail to see her three minor children, ages 10, 13 and 13 (twins).  Plaintiff was then jailed again from August 28 to September 25, 2014.  A capias warrant was then issued to revoke Plaintiff's probation with respect to the guilty plea of stalking Leona Bates.  She released on bond on September 25, 2014.  The hearing to revoke her probation on November 11, 2014 resulted in revocation of her probation and she was sent to prison for 120 days from November 7, 2014 until March 24, 2015.  The basis for the warrant to revoke her probation was an incident at the Elks Club in St. Francois County, Missouri.  Plaintiff had previously called her probation officer and was told that she could go to the Elks Club but was not supposed to drink.  Plaintiff did not drink at the Elks Club.  When she left the Elks Club with her friends, Dr. Swinaski and his wife, Jennifer, and Plaintiff's friend, Eric McKorkel, two police officers were waiting for Plaintiff when she left the building.  Eric McKorkel had been drinking.  When he attempted to drive, Plaintiff pushed him slightly to prevent him from getting into the driver's seat.  Plaintiff was then charged with misdemeanor assault.  On that basis her probation was revoked and she spent an additional 120 days in prison.

　　14.　　This Court has venue under 28 U.S.C. § 1391(b)(1) and (2).

Case No. 16-cv-0793-NAB

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 et seq.

## GENERAL ALLEGATIONS

16.     J.D. Cunningham was Plaintiff's husband in 2013, when Plaintiff learned that her husband was having an extra-marital affair with Defendant, Leona Bates.  J.D. Cunningham admitted to this extra-marital affair after Plaintiff discovered nude photographs of Leona Bates, and others,  on her husband's computer.  J.D. Cunningham is now Plaintiff's ex-husband.  They continue to share custody of their three minor children, ages 10, 13 and 13 (twins).  Plaintiff has primary custody.

17.     Plaintiff is the mother of three children.  She has always been fully employed.  Prior to the time she was first jailed on June 1, 2014 she ran a childcare center in Farmington, Missouri.  Leona Bates' daughters, Molly Carrington and Katie Carrington (ages 22 and 25 approximately) worked for Plaintiff in the childcare center which was open 24 hours a day, seven days a week.  Plaintiff cared for approximately 300 children, at any given time, at the childcare center.  Plaintiff had no criminal record prior to 2014.

18.     During 2013 J.D. Cunningham also had an affair with Kelly Vaugh.  Nude photographs of Kelly Vaugh were also on his computer.  Kelly Vaugh and Leona Bates are friends.  They drink together.

19.     During 2013 Plaintiff sent an email to several people stating that Kelly Vaugh was having an extra-marital affair with her husband.  Kelly Vaugh responded by filing a Petition for a Temporary Restraining Order against

Case No. 16-cv-0793-NAB

Plaintiff.  For a period of about fourteen days Plaintiff was not allowed to go to the school her children attended, because Kelly Vaugh was a school nurse there.

20.    A hearing was held on the Petition for a Temporary Restraining Order.  The Petition for a Temporary Restraining Order was denied.

21.    During November 2013 Leona Bates started filing police reports against Plaintiff, after the hearing on the Petition for a Temporary Restraining Order, claiming that Plaintiff was stalking and assaulting her.  These police reports were kept secret by Defendants, Ronald Duncan, Rick Baker and John Doe, police officers for the City of Farmington, because Leona Bates falsely claimed that Plaintiff would attack her if she knew of the police reports.

22.    Defendant, Leona Bates, then began appearing at functions she knew Plaintiff would be attending, including a private party at Twin Oaks Vineyard near Farmington during November or December 2013, and another occasion when Plaintiff was at Cousins, a restaurant/bar across the street from the police department in Farmington, Missouri, during about November or December 2013 and another occasion at Casa Sol, a Mexican restaurant in Farmington, Missouri, on about January 11, 2014.  During these three occasions, and possibly others, Leona Bates attempted to provoke Plaintiff into a confrontation, and then secretly filed police reports claiming Plaintiff had stalked and assaulted her.  Plaintiff did not assault Leona Bates on any of these occasions and Plaintiff did not stalk or follow Leona Bates on these

Case No. 16-cv-0793-NAB

occasions.  On the contrary, Leona Bates followed Plaintiff to confront her on all these occasions.

23.    When Plaintiff left the Casa Sol Restaurant on about January 11, 2014, two Farmington police officers, including Donald Duncan and/or John Doe, were waiting for her outside the restaurant.  They pulled her over.  She passed a field sobriety test.  One of the officers then asked her to participate in a breathalyzer test.  She refused because she had had gastric bypass surgery to lose weight and had been told that this would cause a high reading on any breathalyzer.  She was charged with driving while intoxicated and posted a $1,000.00 bond by paying the bondsman $100.00.  She drove home within 45 minutes of the arrest.  She also posted a $10,000.00 bond for the aggravated stalking charge which had been filed during about January 2014.

24.    During April 2014 Plaintiff was notified by the Prosecutor, Jerrod Mahurin, that he was attempting to revoke her bond on the stalking charge.

25.    Plaintiff's bond was revoked in May 2014.  The Judge who revoked her bond, The Honorable Wendy Wexler Horn, then recused herself and was replaced by The Honorable Sandra Martinez, who had previously been the Prosecutor for St. Francois County.  She was replaced by Jerrod Mahurin, her protégé, as Prosecutor.

26.    Plaintiff turned herself in on June 1, 2014 and retained an attorney to reinstate the bond.  At a hearing on June 11, 2014, the Prosecutor opposed Plaintiff's Motion to Reinstate the Bond.  Leona Bates did not testify.

Case No. 16-cv-0793-NAB

27.    Plaintiff was denied bond on June 11, 2014 on the grounds that Leona Bates was afraid that Plaintiff would stalk and assault her.  <u>Plaintiff's Motion to Reinstate her Bond was denied.</u>

28.    During July 2014 Plaintiff was shackled and handcuffed and taken from the St. Francois County Jail to Court for a hearing on the aggravated stalking charges, even though the officials at the jail, including Dennis Smith, knew the hearing had been cancelled.  Dennis Smith drove Plaintiff from the Courthouse back to the jail.

29.    On August 16, 2014 Plaintiff pleaded guilty to aggravated stalking of Leona Bates only because that was the only way to be released from jail to see her three minor children.  By that time she had spent 97 days in jail with no trial date in sight.

30.    Plaintiff was coerced into pleading guilty by keeping her in jail for an indefinite period of time for the purpose of pressuring her into pleading guilty.

31.    While Plaintiff was in the St. Francois County jail Leona Bates <u>falsely</u> claimed that Plaintiff was telephoning her from jail.  Defendant, Dennis Smith, falsely reported these alleged telephone calls to the Prosecutor.  Dennis Smith had control of all telephone records reflecting all calls made from the jail.  Plaintiff did not telephone Leona Bates from jail.  Dennis Smith falsely informed the Prosecutor that Plaintiff had made telephone calls to Leona Bates from jail.

Case No. 16-cv-0793-NAB

32.     Prior to the campaign against Plaintiff, initiated by Leona Bates, Plaintiff had no criminal record; she had always been fully employed and was the mother of three minor children.

33.     When Plaintiff pleaded guilty to aggravated stalking of Leona Bates, on August 16, 2014, she was sentenced to 5 years of probation with the probation officer having discretion to give her a total of 120 days in jail (she had already spent 97 days in jail) by adding another 23 days to be served on weekends.  Plaintiff also pled guilty to driving while intoxicated on August 16, 2014 and paid a fine.  She did not lose her driver's license.

34.     Plaintiff was released from jail on August 16, 2014, after pleading guilty.

35.     On about August 28, 2014, Plaintiff went to dinner at a Mexican Restaurant, then to the Elks Club near Farmington, after first asking her probation officer if she was permitted to go to the Elks with friends.  She was told it was acceptable to go to the Elks, but she was not supposed to drink.  Plaintiff went to dinner at the Mexican Restaurant and then to the Elks with friends, Dr. Swinaskri and his wife, Jennifer, and Eric McKorkle.

36.     Plaintiff did not drink at the Elks Club.

37.     When Plaintiff left the Elks Club, two Farmington Police Officers, Donald Duncan and/or John Doe, were waiting for Plaintiff to exit the building.  When Eric McKorkle, who had been drinking, attempted to drive, Plaintiff gently pushed him to prevent him from driving.  Plaintiff was then arrested and charged with misdemeanor assault on Eric McKorkle by the Farmington Police

Case No. 16-cv-0793-NAB

Officers.  <u>Plaintiff was placed in jail again, from August 28, 2014 until</u>
<u>September 25, 2014, when Plaintiff obtained a bond.</u>

38.    <u>On or about August 28, 2014 </u>the Prosecutor issued a capias
warrant to revoke Plaintiff's probation and send her to prison.  Plaintiff
obtained a bond and was released from jail on September 25, 2014 pending the
hearing on the warrant to revoke her probation.

39.    The hearing to revoke Plaintiff's probation was held on November
7, 2014.  The Court revoked Plaintiff's probation and she was sentenced to 120
days in prison.  She was held in prison from November 7, 2014, the day of the
hearing, until March 24, 2015.  Plaintiff spent a total of 217 days in jail and
prison combined for these charges.

40.    <u>Prior to November 7, 2014 </u>Plaintiff met with Sheriff Daniel Bullock
and advised him that she had not been telephoning Leona Bates from jail, that
Leona Bates was <u>a</u> friend <u>of</u> Dan Smith; that the charges against Plaintiff had
been manufactured by Leona Bates, with the assistance of her friends in public
office, including Dan Smith, and that the charges filed against Plaintiff by
Leona Bates were an attempt to obtain revenge because Plaintiff had revealed
the extra-marital affair between Plaintiff's then husband and Leona Bates.
Daniel Bullock took no action <u>and failed to investigate these matters.</u>

41.    During <u>the</u> period <u>from August 28 to September 25, 2014,</u> Chuck
Dyers, a friend of Plaintiff, attempted to assist Plaintiff in obtaining bond.  He
left his telephone number with personnel at the jail.  He then received
telephone calls and text messages from a telephone number registered to

Dennis Smith, as his personal cell phone number that is paid for by St. Francois County.  He was informed by Dennis Smith that it would be in his best interest to have no contact with Plaintiff.

42.     Plaintiff telephoned the Sheriff's office (or the police station) on June 1, 2014, stating that she was prepared to turn herself in with respect to the aggravated stalking charges.  <u>Within</u> ten minutes a Farmington Police Department detective, and Defendant, Spring Henson Gray, were at Plaintiff's house.  They followed her to jail.

43.     Defendant Spring Henson Gray had an extra-marital affair during a previous marriage.  Plaintiff and her then husband, J.D. Cunningham, were listed as witnesses of that extra-marital affair in the related divorce proceedings.  As a result, Defendant, Spring Henson Gray, sought revenge against Plaintiff.

44.     Defendant David Kennedy's daughter, Shelby Kennedy, worked for Plaintiff in her childcare center.  State officials made some complaints about Shelby Kennedy's work at the childcare center and Plaintiff was required to terminate her employment.  Defendant, David Kennedy, appeared at the childcare center loudly complaining about his daughter's termination and her questioning by the state officials.  As a result, Defendant, David Kennedy, sought revenge against Plaintiff.

45.     Plaintiff was <u>not</u> informed of the secret police reports Leona Bates filed with respect to her false claims that Plaintiff was stalking her until Plaintiff was charged with aggravated stalking.  At that time Plaintiff spoke with

Rick Baker, the Farmington Police Chief, who informed Plaintiff that she was not advised of the police reports, or given a chance to refute them, because Leona Bates stated she was afraid that Plaintiff would stalk and/or assault her if Plaintiff knew of the police reports.  Plaintiff was never interviewed by the Police Department or the Sheriff's Office with respect to these false police reports or with respect to the charge that she was stalking Leona Bates.

46.    Leona Bates has a friendly relationship with Dennis Smith, among others, and Dennis Smith, on information and belief, has friendly relationships with Sheriff Daniel Bullock, Police Office Donald Duncan and Police Chief Rick Baker, among others.

47.    While Plaintiff was in the St. Francois County Jail, several officers informed her that Dennis Smith told them not to talk to her.

48.    The St. Francois County Prosecutor's office has a victim's advocate. Plaintiff spoke with the victim's advocate to complain about her treatment. Defendant Spring Henson Gray <u>immediately telephoned</u> Defendant David Kennedy, who <u>then</u> interrupted Plaintiff's meeting with the victim's advocate, at the very beginning, and said that Jerrod Mahurin, the Prosecutor, would not want the victim's advocate to speak with Plaintiff.  That ended the meeting with the victim's advocate <u>soon after it began</u>.

49.    Dennis Smith initially denied to Sheriff Dan Bullock that <u>he</u> knew Leona Bates.  Plaintiff has subsequently obtained a group photograph of Leona Bates and Dennis Smith and his wife, among a small group, at a Thanksgiving Day dinner during November 2013.

Case No. 16-cv-0793-NAB

50.   Plaintiff lost her childcare business as a result of the time she spent in jail and in prison.

51.   Upon her release from prison, Plaintiff was immediately employed full time by the Pasta House Restaurant in Festus, Missouri, where she works as a server and manager.  Part of her duties included serving drinks from the bar.  The sale of alcohol is a small part of the Pasta House Restaurant's business at the Festus location.

52.   Plaintiff's probation officer contacted the Pasta House Restaurant in Festus and informed Plaintiff's employer that Plaintiff was prohibited, by Statute, from serving alcohol at an establishment such as the Pasta House while she is on probation.  Plaintiff was informed by the Pasta House management that Pasta House attorneys had researched the matter and had found no Statute that prevented Plaintiff from serving alcohol in an establishment that was primarily a restaurant while on probation. Nevertheless, in order to comply with the probation officer, Plaintiff stopped serving alcohol at the Pasta House Restaurant, losing substantial tips in the process.

53.   Plaintiff is in the process of moving from St. Francois County to Jefferson County, Missouri.

## COUNT I

### (PLAINTIFF WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983, AGAINST DEFENDANTS LEONA BATES, DENNIS SMITH, DAVID KENNEDY, DANIEL BULLOCK, SPRING HENSON GRAY, DONALD DUNCAN, RICK BAKER AND JOHN DOE)

54.    Plaintiff realleges and incorporates herein by reference ¶¶ 1-53, as fully set forth above.

55.    Leona Bates never testified at any of the proceedings, including the June 11, 2014 hearing to reinstate Plaintiff's bond or the November 7, 2014 Hearing to Revoke Plaintiff's probation.  Plaintiff was never interviewed by the Sheriff's Department or the Farmington Police Department or the Prosecutor about Leona Bates' claims that Plaintiff was stalking her.  Those allegations by Leona Bates are patently false.

56.    Defendants, Leona Bates, Dennis Smith, David Kennedy, Daniel Bullock, Spring Henson Gray, Donald Duncan and Rick Baker, all acted in concert, under color of State law, pursuant to a common scheme and objective, to recklessly present false evidence to the Prosecutor and recklessly failed to investigate the facts, while falsely persuading the Prosecutor to aggressively deny bond to Plaintiff and hold Plaintiff in jail indefinitely while the charge of aggravated assault was pending, thereby coercing Plaintiff to plead guilty to the false aggravated stalking charges, and to then revoke Plaintiff's probation, requiring Plaintiff to spend 97 days in the county jail and 120 days in prison.

57.    The evidence Defendants relied on to deny bail to Plaintiff and thereby coerce Plaintiff into pleading guilty to the aggravated stalking charges

Page 14 of 21

is the unsubstantiated charges of Leona Bates, who clearly was seeking revenge for the disclosure of her extra-marital affair with Plaintiff's husband, without interviewing other witnesses of the alleged events <u>and</u> without interviewing Plaintiff<u>; and the false information provided by Dennis Smith that Plaintiff was telephoning Leona Bates from jail;</u> Defendants then relied on <u>this</u> network of public officials with the intent of denying Plaintiff due process of law, <u>under color of State law,</u> in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Defendants' recklessness in creating and accepting false evidence while denying Plaintiff bail, and coercing Plaintiff to plead guilty to charges of which Plaintiff was innocent, <u>then revoking Plaintiff's probation,</u> shocks the conscience of <u>a reasonable</u> person, in view of the fact that Leona Bates was actually stalking Plaintiff, attempting to create incidents which she could secretly <u>falsely</u> report to the police.

58.    As a result of the denial of Plaintiff's right to due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution and in violation of 42 U.S.C. § 1983, Plaintiff sustained damages including deprivation of her liberty for more than 200 days, the loss of her childcare center business, emotional distress, humiliation, <u>lost wages,</u> the payment of charges relating to her imprisonment in jail and prison and during her probation, in a sum in excess of $1,000,000.00.

59.    Plaintiff has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

Case No. 16-cv-0793-NAB

60.    The conduct of Defendants, Leona Bates, in her Individual Capacity, Dennis Smith, in his Individual Capacity, David Kennedy, in his Individual Capacity, Daniel R. Bullock, in his Individual Capacity, Spring Henson Gray, in her Individual Capacity, Donald Duncan, in his Individual Capacity, Rick Baker, in his Individual Capacity and John Doe, City of Farmington Police Officer, as described above, was intentional, malicious, unjustified and outrageous, warranting an award of punitive damages in a sum in excess of $500,000.00 against each said Defendant separately.

## COUNT II

**(DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983, THROUGH SELECTIVE PROSECUTION, AGAINST DEFENDANTS, LEONA BATES, DENNIS SMITH, DAVID KENNEDY, DANIEL BULLOCK, SPRING HENSON GRAY, DONALD DUNCAN, RICK BAKER AND JOHN DOE)**

61.    Plaintiff realleges and incorporates herein by reference ¶¶ 1-53 and ¶¶ 55-60, as fully set forth above.

62.    Defendants, acting in concert, pursuant to a common scheme and objective, under color of State law, denied Plaintiff due process of law by selectively prosecuting Plaintiff on charges of aggravated stalking, based on false evidence investigated recklessly, thereby shocking the conscience of a reasonable person, and by pursuing these charges against Plaintiff solely because Leona Bates and the network of public officials with which she established friendly relationships were intent on causing damage and injury to Plaintiff because Leona Bates was seeking revenge after Plaintiff revealed the extra-marital affair between Leona Bates and Plaintiff's husband.

Case No. 16-cv-0793-NAB

63.     Defendants, and each of them, acting in concert, violated Plaintiff's right of due process of law, acting under color of State law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, depriving Plaintiff of her liberty for a period in excess of 200 days, all to Plaintiff's damages in a sum in excess of $1,000,000.00.

64.     The conduct of Defendants, Leona Bates, in her Individual Capacity, Dennis Smith, in his Individual Capacity, David Kennedy, in his Individual Capacity, Daniel R. Bullock, in his Individual Capacity, Spring Henson Gray, in her Individual Capacity, Donald Duncan, in his Individual Capacity, Rick Baker, in his Individual Capacity and John Doe, City of Farmington Police Officer, as described above, was intentional, malicious, unjustified and outrageous, warranting an award of punitive damages in a sum in excess of $500,000.00 against each said Defendant separately.

65.     Plaintiff has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

## COUNT III

### (DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEEN AMENDMENTS AND 42 U.S.C. § 1983 AGAINST THE CITY OF FARMINGTON, MISSOURI)

66.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-53, ¶¶ 55-60 and ¶¶ 62-65, as fully set forth above.

67.     Defendant, The City of Farmington, Missouri, acting under color of State law, had a custom or practice or policy of permitting the denial of due process of law to individuals when the alleged victim of an alleged crime was a

person with friendly connections to <u>the network of</u> public officials<u>, including the Defendants,</u> in Farmington and St. Francois County, Missouri.  <u>The City of Farmington had a custom, practice or policy of administering State law in a manner that favored friends of the network of public officials to the detriment of those who are not friends of the public officials.</u>

68.   Defendant, The City of Farmington, used inadequate hiring and training practices and policies to hire and train its police officers to avoid denying due process of law to individuals who allegedly committed offenses against persons with influence with public officials in the City of Farmington and in St. Francois County.

69.   Specifically, The City of Farmington, Missouri failed to train its police officers to afford due process of law to individuals charged with crimes even when the alleged victim of the alleged crime was a person with connections and influence with the public officials of The City of Farmington and of St. Francois County, Missouri.

70.   The City of Farmington's hiring and training practices are inadequate.

71.   The City of Farmington was deliberately indifferent to the rights of others in adopting its policies, customs and practices and in failing to train its police officers.

72.   By adopting the policies, customs, practices and procedures described above, and by adopting the hiring practices and by failing to train its employees and police officers as described above, The City of Farmington,

Case No. 16-cv-0793-NAB

Missouri proximately caused Plaintiff to sustain damages, in a sum in excess of $1,000,000.00, as described in Counts I and II, in violation of 42 U.S.C. § 1983 and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

73.    Plaintiff has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

## COUNT IV

### (DENIAL OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEEN AMENDMENTS AND 42 U.S.C. § 1983 AGAINST ST. FRANCOIS COUNTY, MISSOURI)

74.    Plaintiff realleges and incorporates herein by reference ¶¶ 1-53, ¶¶ 55-60, ¶¶ 62-65 and ¶¶ 67-73, as fully set forth above.

75.    Defendant, St. Francois County, Missouri, acting under color of Sate law, had a custom or policy or practice of permitting the denial of due process of law to individuals when the alleged victim of an alleged crime was a person with friendly connections to the network of public officials, including Defendants, in Farmington and St. Francois County, Missouri, as more specifically stated in ¶ 67 above.

68.    Defendant, St. Francois County, Missouri, used inadequate hiring and training practices and policies to hire and train officials and employees to avoid denying due process of law to individuals who allegedly committed offenses against persons with influence with public officials in the City of Farmington and in St. Francois County.

Page 19 of 21

69.     Specifically, St. Francois County, Missouri failed to train its officials and employees to afford due process of law to individuals charged with crimes even when the alleged victim of the alleged crime was a person with connections and influence with the public officials of The City of Farmington and of St. Francois County, Missouri.

70.     St. Francois County, Missouri's hiring and training practices are inadequate.

71.     St. Francois County officials and employees were deliberately indifferent to the rights of others in adopting its policies, customs and practices and in failing to train its officials and employees.

72.     By adopting the policies, customs, practices and procedures described above, and by adopting the hiring practices and by failing to train its officials and employees as described above, St. Francois County, Missouri proximately caused Plaintiff to sustain damages, in a sum in excess of $1,000,000.00 as described in Counts I and II, in violation of 42 U.S.C. § 1983 and in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

73.     Plaintiff has incurred, and will incur, substantial attorney's fees in prosecuting this case in a sum in excess of $100,000.00.

### PRAYER FOR RELIEF

FOR THE FOREGOING REASONS, Plaintiff, Kristy Cunningham, prays for the following relief:

Case No. 16-cv-0793-NAB

(a)     For an award of damages against Defendants, Leona Bates, Dennis Smith, David Kennedy, Daniel Bullock, Spring Henson Gray, Donald Duncan, Rick Baker and John Doe, in a sum in excess of $1,000,000.00, jointly and severally;

(b)     For attorney's fees against all Defendants, jointly and severally, in a sum in excess of $100,000.00;

(c)     For an award of punitive damages against Defendants, Leona Bates, Dennis Smith, David Kennedy, Daniel Bullock, Spring Henson Gray, Donald Duncan, Rick Baker and John Doe, individually as to each such Defendant, in a sum in excess of $500,000.00;

(d)     For an award of damages in a sum in excess of $1,000,000.00 against Defendant, The City of Farmington, Missouri;

(e)     For an award of damages in a sum in excess of $1,000,000.00 against Defendant, St. Francois County, Missouri;

(f)     For court costs against all Defendants, jointly and severally;

(g)     For such other relief as the Court deems just and proper.

/s/ David M. Duree
David M. Duree, MBE 21003
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:   618-628-0186
Fax:   618-628-0259
Email:  law@dmduree.net

*Attorney for Plaintiff, Kristy Cunningham*

Page 21 of 21

Case No. 16-cv-0793-NAB