UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTY CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16 CV 793 RWS |
| LEONA BATES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kristy Cunningham brings due process claims under 42 U.S.C. § 1983 against eight individual Defendants, the City of Farmington, Missouri, and St. Francois County, Missouri. One of the individual defendants, Leona Bates, moves to dismiss the claims against her, arguing Cunningham has failed to allege facts showing Bates, who is not a public official, acted under color of state law. See Fed. R. Civ. P. 12(b)(6). Cunningham opposes the motion. Because Cunningham has sufficiently stated a claim that Bates conspired with state actors to deprive Cunningham of her constitutional rights, I will deny the motion.

## LEGAL STANDARD

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). Under the federal

rules, a plaintiff need not provide "'detailed factual allegations,'" but must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

## BACKGROUND

Cunningham filed her original complaint in this case on June 3, 2016. She then filed an amended complaint on June 8, 2016. Bates moved to dismiss Cunningham's original complaint, see Doc. 7, and then filed another motion to dismiss Cunningham's amended complaint, see Doc. 14. Bates's first motion to dismiss is moot. The background and analysis that follow address Bates's motion to dismiss Cunningham's amended complaint.

Cunningham brings due process claims against eight individuals: (1) Bates; (2) Dennis Smith, the jail administrator for St. Francois County; (3) David Kennedy, a bailiff employed by St. Francois County, who Cunningham alleges "regularly ran errands for the St. Francois County Prosecutor"; (4) Daniel Bullock, the Sheriff of St. Francois County; (5) Spring Henson Gray, a clerk or secretary for the St. Francois County Prosecutor; (6) Donald Duncan, a Farmington police officer; (7) Rick Baker, Farmington Police Chief; and (8) John Doe, a Farmington police officer. Cunningham alleges the following facts relevant to this motion. In 2013, Cunningham alleges she discovered her husband was having an affair with

Bates and with another woman, Kelly Vaugh, a friend of Bates. Cunningham complained publicly about Bates and sent an email to several people stating that Vaugh was having an affair with her husband. Vaugh filed a petition for a temporary restraining order against Cunningham, which was denied. Then, in November 2013, Bates started filing police reports claiming Cunningham was stalking and assaulting her. Cunningham did not know Bates was filing these reports, and Cunningham was never interviewed by the Police Department or the Sheriff's Office with respect to these reports or the stalking charge that ultimately resulted.

Bates began appearing at functions she knew Cunningham would be attending and attempting to provoke Cunningham into a confrontation, after which she would secretly file false police reports claiming Cunningham had stalked and assaulted her. This occurred on at least three occasions between November 2013 and January 2014. On the last occasion, on or about January 11, 2014, two Farmington police officers, Defendants Duncan and/or Doe, were waiting for Cunningham when she left the restaurant where Bates confronted her. They pulled her over. Cunningham passed a field sobriety test but refused to take a breathalyzer test because she had had gastric bypass surgery and had been told this would cause a high reading on a breathalyzer. She was arrested and charged with

driving while intoxicated. She posted bond for that charge and for an aggravated stalking charge filed in January 2014.

Cunningham's bond on the stalking charge was revoked in May 2014. A hearing was held on June 11, 2014, on Cunningham's motion to reinstate her bond. Bates did not testify at that hearing. Cunningham was denied bond on the grounds that Bates was afraid Cunningham would stalk and assault her. Cunningham pleaded guilty to aggravated stalking of Bates on August 16, 2014 because that was the only way to be released from jail to see her children. While Cunningham was in jail, Bates falsely claimed that Cunningham was telephoning her from jail. Smith, who controlled jail phone records, falsely reported these alleged calls to the prosecutor. Bates has a friendly relationship with Smith. Cunningham also alleges, on information and belief, that Smith has a friendly relationship with Bullock, Duncan, and Baker, among others.

Around August 28, 2014, Cunningham went to the Elks Club near Farmington with friends. When Cunningham left the Elks Club, Duncan and/or Doe were waiting for her to exit the building. Cunningham's friend, Eric McKorkle, had been drinking and attempted to drive. Cunningham pushed him to prevent him from driving. The officers arrested Cunningham, and she was charged with misdemeanor assault and incarcerated from August 28, 2014, until September 25, 2014, when she obtained a bond. During this period, her friend, Chuck Dyers,

4

attempted to assist her in obtaining a bond.  Dyers received telephone calls and text messages from a telephone number registered to Smith.  Smith told him it would be in his best interest to have no contact with Cunningham.

Cunningham's probation was revoked on November 7, 2014, and the Court sentenced her to 120 days in prison.  Before her probation revocation hearing, Cunningham spoke with Sheriff Bullock and told him that the charges against her had been manufactured by Bates, with the assistance of her friends in public office, including Smith, and that she had not been calling Bates from jail.  Bullock did not take action or investigate these matters.  Smith initially denied to Bullock that he knew Bates.  Cunningham has obtained a photograph of Bates and Smith together with a small group at a Thanksgiving Day dinner in November 2013.

Cunningham alleges Bates sought to discredit her and seek revenge against her for revealing Bates's affair with Cunningham's husband, so Bates persuaded her friends to issue false charges against Cunningham, not investigate those charges, deny her bond, hold her in jail indefinitely, coerce her into pleading guilty to false aggravated stalking charges, and revoke her probation to require her to spend additional time in jail. Cunningham alleges Bates had a friendly relationship with Smith, who had a friendly relationship with Bullock, Duncan, and Baker, among others.  She alleges that Kennedy and Gray also acted in concert with this group, had their own reasons for wanting revenge against her, and interfered with

5

her attempt to speak with the prosecutor's office's victim's advocate about her mistreatment.

Cunningham brings Counts I and II against Bates and the other individual Defendants, arguing they denied her due process of law by acting in concert, under color of state law, to recklessly present false evidence to the prosecutor, fail to investigate the facts, persuade the prosecutor to deny her bond, hold her in jail indefinitely until she pled guilty, revoke her probation, and selectively prosecute her on false charges. Bates moves to dismiss Counts I and II only on the grounds that Cunningham has failed to state a claim against her because she has not alleged any facts showing Bates, a private citizen, acted under color of state law.

## ANALYSIS

"Section 1983 imposes liability for certain actions taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.'" Dossett v. First State Bank, 399 F.3d 940, 947 (8th Cir. 2005) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 931 (1982)). "Only state actors can be held liable under section 1983." Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (quotation marks omitted). "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" Gibson v. Regions Fin. Corp., 557 F.3d 842, 846 (8th Cir. 2009) (quoting Lugar, 457 U.S. at 941). "[M]ere furnishing of information to a law

6

enforcement officer, even if the information is false, does not constitute joint activity with state officials." See id. But allegations that a private actor conspired with state actors to deprive the plaintiff of her civil rights may adequately allege that the private actor acted under color of state law if the conspiracy allegations are sufficiently specific to give rise to an inference of a meeting of the minds between the defendants. See Murray v. Lene, 595 F.3d 868, 870–71 (8th Cir. 2010); Smith v. Bacon, 699 F.2d 434, 436–37 (8th Cir. 1983) (per curiam).

Cunningham's allegations, as outlined above, assumed as true and viewed in the light most favorable to her, are sufficient to state a plausible claim that Bates had a mutual understanding with at least some of the other Defendants to violate Cunningham's constitutional rights. While there are no allegations of an express meeting of the minds, conspiracies are rarely shown by direct evidence, especially on the face of the complaint. See Smith, 699 F.2d at 437. If Cunningham's allegations are substantiated, a reasonable jury could infer that at least some of the Defendants, including Bates, conspired against Cunningham to have her falsely arrested, detained, and charged. As a result, I will deny Bates's motion to dismiss Cunningham's First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Leona Bates's Motion to Dismiss Plaintiff Kristy Cunningham's First Amended Complaint #[14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Leona Bates's Motion to Dismiss Plaintiff Kristy Cunningham's Complaint #[7] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2016.