UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KRISTY CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16 CV 793 RWS |
| LEONA BATES, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Defendants move for judgment on the pleadings on Plaintiff Kristy Cunningham's due process claims under 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 12(c). Defendants argue Cunningham's claims are barred because she seeks to recover damages for an allegedly unconstitutional conviction or sentence but has not pleaded that her conviction or sentence has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus, as required by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Cunningham has failed to satisfy *Heck*'s "favorable termination" requirement, I will grant the motions for judgment on the pleadings.

### LEGAL STANDARD

In ruling on a motion for judgment on the pleadings, I must accept as true all factual allegations in the complaint and view them in the light most favorable to

the plaintiff. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The purpose of this threshold pleading requirement is to allow a defendant to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Am. Traffic Solutions, Inc. v. B & W Sensors, LLC*, 2014 WL 1272509, at *2 (E.D. Mo. Mar. 27, 2014) (quotation marks omitted).

## BACKGROUND

Cunningham brings due process claims under 42 U.S.C. § 1983 for alleged actions taken against her in and around the city of Farmington in St. Francois County, Missouri. She claims, in short, that defendants conspired to manufacture false charges against her, deny her bail, and hold her in jail indefinitely to coerce her to plead guilty to false charges. As a result, she claims she was deprived of her liberty for more than 200 days while incarcerated and suffered a variety of damages, including loss of her childcare business. She sues eight defendants in their individual capacities: (1) Leona Bates, a St. Francois County resident; (2) Dennis Smith, the jail administrator for St. Francois County; (3) David

Kennedy, a St. Francois County bailiff; (4) Daniel Bullock, the Sheriff of St. Francois County; (5) Spring Henson Gray, a clerk or secretary for the St. Francois County Prosecutor; (6) Donald Duncan, a Farmington police officer; (7) Rick Baker, Farmington Police Chief; and (8) John Doe, a Farmington police officer. She also sues the City of Farmington and St. Francois County. Cunningham alleges the following facts.

In 2013, Cunningham alleges she discovered her husband was having an affair with Defendant Leona Bates and with another woman, Kelly Vaugh, a friend of Bates. Cunningham complained publicly about Bates. Cunningham also sent an email to several people stating that Vaugh was having an affair with her husband. Vaugh filed a petition for a temporary restraining order against Cunningham. The request for a temporary restraining order was denied.

Cunningham alleges that Bates began appearing at functions she knew Cunningham would be attending in an attempt to provoke Cunningham into a confrontation. After these functions, Bates would secretly file false police reports claiming Cunningham had stalked and assaulted Bates. Duncan, Baker, and Doe kept these reports secret because Bates claimed Cunningham would attack her if she knew about the reports. Cunningham alleges that this occurred at least three times between November 2013 and January 2014.

Cunningham alleges that on or about January 11, 2014, Duncan and Doe, who are Farmington police officers, were waiting for Cunningham when she left a restaurant after a confrontation with Bates. Cunningham alleges she was pulled over by the police officers. Cunningham passed a field sobriety test but refused to take a breathalyzer test. Cunningham alleges she refused a breathalyzer test because she had had gastric bypass surgery and had been told this would cause a high reading on a breathalyzer. Cunningham was arrested and charged with driving while intoxicated. She posted bond for that charge and for a pending aggravated stalking charge that had been previously filed in January 2014.

Cunningham's bond on the stalking charge was revoked in May 2014. A hearing was held on June 11, 2014, on Cunningham's motion to reinstate her bond. Bates did not testify at that hearing. Cunningham was denied bond on the grounds that Bates was afraid Cunningham would stalk and assault her. Cunningham pleaded guilty to aggravated stalking on August 16, 2014 because she believed that was the only way to be released from jail to see her children. Cunningham claims she was kept in jail for an indefinite period to pressure and coerce her into pleading guilty. Cunningham also pleaded guilty to driving while intoxicated. Cunningham was sentenced to five years of probation and was released on August 16, 2014. Cunningham alleges she was never interviewed by the police department or the

Sheriff's office with respect to the police reports Bates filed or the stalking charge that resulted.

Around August 28, 2014, Cunningham went to the Elks Club near Farmington with friends. When Cunningham left the Elks Club, Duncan and Doe were waiting for her to exit the building. Cunningham's friend had been drinking and attempted to drive. Cunningham alleges she gently pushed her friend to prevent him from driving. The officers arrested Cunningham, and she was charged with misdemeanor assault and incarcerated from August 28, 2014 to September 25, 2014, when she obtained a bond.

Cunningham's probation was revoked on November 7, 2014, and the court sentenced her to 120 days in prison. Cunningham was incarcerated from November 7, 2014 to March 24, 2015. Before her probation revocation hearing, Cunningham spoke with Sheriff Bullock and told him that the charges against her had been manufactured by Bates, with the assistance of her friends in public office. Cunningham alleges Sheriff Bullock did not investigate these claims. Cunningham alleges Bates sought revenge against her for revealing Bates's affair with Cunningham's husband. She also alleges some of the other defendants had their own personal reasons for wanting revenge against her. Cunningham claims the defendants worked together to "falsely charge [her] with stalking Leona Bates,"

5

"falsely charge her with assaulting [her friend]," and "falsely charge [her] with driving while intoxicated." Compl. 3–4, ECF No. 4.

Cunningham brings four due process claims. She brings Counts I and II against the individual defendants, arguing they denied her due process of law by acting in concert, under color of state law, to recklessly present false evidence to the prosecutor, fail to investigate the facts, persuade the prosecutor to deny her bond, hold her in jail indefinitely until she pled guilty, revoke her probation, and selectively prosecute her on false charges. She brings Count III against the City of Farmington and Count IV against St. Francois County, arguing they had a custom, policy, or practice of permitting the denial of due process to individuals when the alleged victim of a crime had friendly connections to Farmington and St. Francois County public officials. She also alleges inadequate hiring and training practices. Cunningham claims her damages include deprivation of her liberty for more than 200 days when she was falsely incarcerated, the loss of her business, emotional distress, humiliation, lost wages as a result of the terms of her probation, and costs related to her imprisonment. She seeks compensatory and punitive damages, attorney's fees, and costs. Defendants now move for judgment on the pleadings.

# ANALYSIS

Defendants argue Cunningham's § 1983 claims are barred by the "favorable termination" rule established in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If the judgment would imply the invalidity of the plaintiff's conviction or sentence, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90.

Defendants argue Cunningham seeks to recover damages for allegedly unconstitutional conviction or imprisonment because the basis of her claims is that defendants' acts resulted in her conviction, parole revocation, and incarceration on

7

false charges. Defendants argue Cunningham seeks damages directly resulting from her conviction and confinement, including for her loss of liberty, loss of her business as a result of her incarceration, emotional distress and humiliation she suffered as a result of the charges and incarceration, and lost wages resulting from the conditions of her probation. Because Cunningham has not alleged her conviction or sentence has been invalidated as described in *Heck*, defendants argue her § 1983 claims are not cognizable.

Cunningham does not dispute that her challenged conviction has not been terminated in her favor, but she argues *Heck* does not apply for three reasons: (1) federal habeas corpus relief is unavailable to her because she is no longer incarcerated; (2) she is challenging the procedures that led to her incarceration, not the underlying conviction; and (3) she has applied for a pardon which, if granted, would satisfy the favorable termination requirement.

**Habeas Relief Unavailable**

Cunningham first argues *Heck*'s favorable termination rule does not apply to her because she is no longer incarcerated and federal habeas relief is no longer available. She acknowledges that Eighth Circuit precedent forecloses this argument but suggests I depart from that binding precedent and follow decisions from other circuits. The Eighth Circuit has "interpreted *Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of

8

their conviction or sentence" and does not recognize an exception for plaintiffs who are no longer incarcerated. *Newmy v. Johnson*, 758 F.3d 1008, 1011–12 (8th Cir. 2014) (quotation marks omitted); *see also Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). I do not have the authority to depart from binding Eighth Circuit precedent, and as a result, this argument fails.

Cunningham also seems to suggest she should be excused from the favorable termination requirement because she was incarcerated only for short periods of time and failed to seek timely federal and state relief when it was available. She provides no support for this argument, and I find no support for allowing her to use her "failure timely to pursue habeas remedies as a shield against the implications of *Heck*." *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2003) (quotation marks omitted); *see also Newmy*, 758 F.3d at 1012 ("We recognize that this rule could preclude a damages remedy for an inmate who is detained for only a short time with limited access to legal resources, but that is a consequence of the principle barring collateral attacks that was applied in *Heck*.").

### Challenge to Procedure vs. Conviction

Cunningham argues *Heck* should not apply to bar her claims because she is challenging the procedures that led to her incarceration, not the underlying conviction. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter

9

the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). If a § 1983 plaintiff challenges the procedures used in obtaining her conviction or sentence and a judgment in her favor would not necessarily imply the invalidity of her conviction or sentence, the claims may proceed under § 1983 without satisfying *Heck*'s favorable termination requirement. *See id.* But if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment," the claim is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 645, 648 (1997).

Here, a judgment in Cunningham's favor would necessarily imply the invalidity of her conviction. The core of Cunningham's claim is that all the charges against her—stalking, assault, and drunk driving—were false. She alleges defendants presented false evidence to the prosecutor, failed to investigate the facts, and persuaded the prosecutor to falsely deny Cunningham bond, coercing her into pleading guilty to "charges of which [she] was innocent." Compl. ¶ 57, ECF No. 4. In her response in opposition to defendants' motion, Cunningham argues her procedural challenges are that the prosecutor was biased against her "because of false information brought to him by the Defendants," that Bates's claim was "meritless," that her probation was revoked "because of a questionable DWI

charge . . . in order to coerce [her] into pleading guilty to the aggravated stalking charge," and that her probation was revoked on the "baseless charge" of assault. Pl.'s Resp. 4, ECF No. 34. Cunningham seeks damages from the deprivation of her liberty during her incarceration, the loss of her childcare business as a result of her incarceration, the resulting emotional distress and humiliation she suffered, wages she lost as a result of the conditions of her probation, and the payment of charges relating to her imprisonment and probation.

The core of Cunningham's claims is that she was arrested and convicted "*undeservedly* as a substantive matter." *See Edwards*, 520 U.S. at 645. She claims the investigation and charges filed against her were based on false information and the officials involved conspired and failed to properly investigate and failed to get to the truth, meaning the result in her case was wrong. *See id.* ("[Plaintiff's] claim posited that the procedures were wrong, but not necessarily that the result was. The distinction between these two sorts of claims is clearly established in our case law, as is the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves the former one without also proving the latter one.").

If Cunningham proves her due process claims, her conviction and imprisonment were improper. *See Portley-El v. Brill*, 288 F.3d 1063, 1067 (8th Cir. 2002) (explaining that § 1983 claims are barred by *Heck* if their success would mean the result of the conviction or disciplinary proceeding was wrong and the

resulting punishment was improper). As a result, the nature of her challenge to the procedures is "such as necessarily to imply the invalidity of the judgment" and is barred by *Heck* absent a showing of favorable termination. *See Edwards*, 520 U.S. at 645; *see also, e.g.*, *Heck*, 512 U.S. at 479, 489–90 (barring claims alleging state officials conducted arbitrary investigation, knowingly destroyed exculpatory evidence, and caused illegal voice identification procedure to be used at trial); *Newmy*, 758 F.3d at 1009 (affirming *Heck* dismissal of due process claims where plaintiff claimed his parole officer made a false report that resulted in his parole revocation); *Rogers v. Adams*, 103 Fed. Appx. 63, 63–64 (8th Cir. 2004) (unpublished per curiam) (barring § 1983 claims that officers falsified police reports and provided false information at a probable cause hearing because success would imply the invalidity of the conviction).

### Pending Application for Executive Clemency

Finally, Cunningham attached an application for executive clemency and accompanying cover letters to her response in opposition to defendants' motion for judgment on the pleadings, arguing I should not apply *Heck* because if the pardon is granted, she will satisfy the favorable termination requirement.

Defendants agree that a pardon can satisfy the favorable termination requirement but argue that (1) if I consider the application and letters Cunningham attached, I must convert their motions to motions for summary judgment, per Fed.

R. Civ. P. 12(d); (2) I should not do so because the materials are not competent evidence for summary judgment purposes; and (3) even if I do consider these materials, Cunningham is not eligible to apply for clemency at this point and will never be eligible for a gubernatorial pardon.

After defendants' response, Cunningham filed motions for leave to file the response to her application for a pardon. She indicates the Missouri Department of Corrections (MDOC) responded to her pardon application and explained she is not eligible to apply for a pardon until March 2023. She argues I can take judicial notice of and consider the materials she submitted without converting defendants' motions to ones for summary judgment because her materials are items in the public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

I do not need to decide whether Cunningham's pardon application and response letter from MDOC are public records because even if she did apply for a pardon, she does not have a cognizable claim until it is granted. According to *Heck,* Cunningham's cause of action "does not accrue until the conviction or sentence has been invalidated." 512 U.S. at 489–90. Cunningham "has no cause of action under § 1983 *unless and until*" her conviction is invalidated; at this point, any "§1983 claim has not yet arisen." *Id.* at 489 (emphasis added).[1] Because this

---

[1] I also do not need to consider these additional materials to determine this argument fails because I can confirm by looking at her complaint and publicly-available materials what Cunningham indicated in her motion, which is that she is not eligible to apply for clemency at this point. *See* Executive Clemency–Eligibility Criteria, MDOC, *available at*

13

argument fails without consideration of Cunningham's attachments, I will deny her motions for leave to file the response to her pardon application as moot. But I will dismiss her complaint without prejudice so she may refile it later if she succeeds in challenging her conviction and it is otherwise appropriate to do so. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Judgment on the Pleadings #[28] and #[32] are **GRANTED**.

**IT IS FURTHER ORDERED** that Cunningham's complaint is **DISMISSED** without prejudice. A separate order of dismissal will issue.

**IT IS FURTHER ORDERED** that Plaintiff's Motion #[37] and Amended Motion for Leave to File the Response to her Application for a Pardon #[39] are **DENIED** as moot

*[signature]*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2017.

---

doc.mo.gov/PP/Executive_Clemency.php (last accessed Jan. 17, 2017) (explaining that individuals who are not confined to a prison or jail must have been fully discharged for three years from incarceration and probation or parole supervision to be eligible to petition the Governor for clemency); Compl. 9–10, ECF No. 4 (alleging Cunningham pleaded guilty to stalking on August 16, 2014, was sentenced to five years' probation, and later had her probation revoked, which led to her incarceration from November 7, 2014 to March 24, 2015).